FILED
SUPERIOR COURT
OF GUAM

2025 MAR 25 AM 11: 54

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JUANITA ARCEO, | **CASE NO. CV0397-20** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER GRANTING MOTION FOR WRIT OF EXECUTION** |
| CULGUAM, INC. doing business as COST-U-LESS and JOHN DOE INSURANCE COMPANY, | |
| Defendants. | |

The Court here considers Plaintiff Juanita Arceo's December 3, 2024 Motion for Writ of Execution or, Alternatively, to Require Posting of Supersedeas Bond. Having reviewed the parties' briefs, the Court finds that issuing a writ of execution or requiring the posting of a bond is proper, and thus, GRANTS Arceo's Motion.

## I.     PROCEDURAL BACKGROUND

Following a jury trial and verdict in favor of Arceo, the Court rendered a Judgment against Defendant Culguam, Inc., in the amount of $2,751,170.00 plus post-judgment interest at the rate of 6% per annum. Judgment (Dec. 28, 2023). The Court has also denied Culguam's attempt at a new trial and a stay of the execution of the Judgment. Dec. and Order Denying Mot. New Trial (Apr. 23, 2024).

Upon discovering in post-trial proceedings that Culguam had general liability insurance—a reversal in Culguam's representations to Arceo and this Court throughout the litigation—Arceo moved to amend her complaint and reopen discovery. Magistrate Judge

ORIGINAL

Jonathan Quan denied those requests but imposed sanctions on Culguam and its trial counsel in the amount of $75,000.00 for litigation costs and $20,000.00 for attorney's fees. Order Re Pl.'s Mot. Compel Disc. & Leave Am. Compl. at 15 (Jan. 21, 2025). In assessing sanctions under Guam Rules of Civil Procedure 11, 26, and 37, Magistrate Judge Quan noted the thirteen times Culguam and/or its attorneys misrepresented the existence of insurance coverage. *Id.* at 4. Culguam and its attorneys seek reconsideration, which is pending before Magistrate Judge Quan.[1]

Also pending is Culguam's appeal of the Judgment. Not. Appeal (May 24, 2024). The Guam Supreme Court stayed the appeal pending the resolution of Arceo's post-trial motions, then extended the stay pending the reconsideration motions. *Arceo v. Culguam, Inc.*, CVA24-008 (Order (June 7, 2024); Order[2] (Jan. 28, 2025)).[3] Meanwhile, Culguam has appealed Magistrate Judge Quan's Order awarding sanctions. CVA25-003.

The issue now presented to the Court by Arceo is whether a Writ of Execution may be issued on the Judgment, and if so, whether Culguam may post a supersedeas bond and in what amount. Culguam posits that execution must await the outcome of the reconsideration motions.

---

[1] The Court notes Culguam separately moves for a Superior Court judge to hear the motions for reconsideration. Def.'s Mot. Review by and Hr'g Before a Super. Ct. Judge (Mar. 12, 2025).

[2] In the January 28, 2025 Order, the Guam Supreme Court referenced this Court's January 23, 2025 Order to Arceo to pay the balance of the jury demand fee. As of the date of this Decision and Order, the jury demand fee has been fully paid.

[3] The January 28, 2025 Order stated that Culguam and its insurers were "considering filing a motion for reconsideration to challenge the sanctions, which motion may not be filed until the judgment of the Superior Cout has been entered; as of the time of the Status Report, that had yet to occur." *Id.* at 2. As this Court is not privy to the Status Reports filed in CVA24-008, it is unclear if the Guam Supreme Court was referencing the entry of judgment as having not yet occurred. Based on this Court's review, its Judgment was entered on December 28, 2023. Not. Entry on Docket (Dec. 28, 2023).

Furthermore, under its policy with Allianz Commercial, Culguam contends it has indemnity coverage for the full amount of the Judgment, and thus, the Court should set a lesser bond. The Court took the issue under advisement without oral argument.

## II.   LAW AND DISCUSSION

### A. The Magistrate Judge's Order for sanctions does not affect the Judgment against Culguam as issued.

The Court first reviews what impact the sanctions order has on the Judgment. For example, as one of the original arguments in its Opposition to the Motion for a Writ of Execution, Culguam contended that a Writ of Execution is premature because Arceo moved to amend her Complaint. However, Magistrate Judge Quan has since denied the portion of Arceo's motion seeking to amend the Complaint—an issue no party has sought to reconsider or appealed. Accordingly, there will be no further expansion of Arceo's claims, making this argument moot.

Additionally, this Court does not find the sanctions issue impacts the Judgment. Post-judgment Rule 11 sanctions are viewed as collateral to a judgment. *Cooper v. Salomon Bros., Inc.*, 1 F.3d 82, 85 (2nd Cir. 1993). *Cooper* relied on the collateral order doctrine in *Budinich v. Benton Dickinson and Co.*, 486 U.S. 196 (1998), which the Guam Supreme Court adopted in *Data Management Resources, LLC v. Office of Pub. Accountability*, 2013 Guam 27 ¶¶ 38-41. Under the collateral order doctrine, a collateral order does not suspend the finality of a judgment. Magistrate Judge Quan's Order imposing sanctions does not alter or revise the jury's verdict and award against Culguam, and thus, is collateral to further action by Arceo to collect upon the Judgment.

Even more, Arceo has not asked this Court to increase the supersedeas bond amount above the Judgment so as to cover the sanctions. In other words, the matter may proceed to the


ORIGINAL

execution phase based solely on the Judgment amount—separate and apart from any amount that may be imposed as sanctions.

### B. A reduction in the bond amount is unwarranted.

Given that the Judgment as issued shall stand, a writ of execution is appropriate or, in the alternate, Culguam is required to post a supersedeas bond to avail of a stay. GRCP 62(d) (court in its discretion may suspend execution "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party").

Culguam argues that this Court should use its discretion to set the bond at a lesser amount than the full Judgment. In *J.J. Moving Services, Inc. v. Sanko Bussan Co., Ltd.*, the Guam Supreme Court examined whether a trial court could release a posted bond as a partial satisfaction of a judgment. 1998 Guam 19 ¶ 38. The court cited *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988), approving a bond at a lesser amount, upon review of factors such as the complexity of the collection process; the amount of time required to obtain a judgment after affirmation on appeal; the degree of confidence the court has in the availability of funds; whether the ability to pay is so plain that the cost of a bond would be a waste of money; and whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Id.* at 904-05.

In applying these factors, Culguam explains that the collection process is simple and should take thirty days; its insurance provider Allianz has already appropriated the necessary funds to satisfy the judgment; the cost of a bond would be steep and a waste of money since it can easily be paid through the issuance of a check or wire transfer; and that Culguam and Allianz are not in precarious financial positions to place other creditors in an insecure position. Opp'n to Pl.'s Mot. for Writ of Execution at 5-7 (Dec. 31, 2024). Arceo counters that financial stability

ORIGINAL

does not negate the need for a bond and that Allianz remains an unnamed defendant because of Culguam's misrepresentations. Pl.'s Reply in Supp. Mot. for Writ of Execution at 2 (Jan. 6, 2025). She further states that "given the significant judgment amount, the bond provides assurance that Allianz, as the insurer, stands ready to meet its financial obligations and protects against the risk of delayed or incomplete payment due to ongoing litigation or appeals." *Id.* at 3.

Here, a bond is warranted given the size of the judgment, but more significantly, questions remain about Allianz, an unnamed party. Culguam's prior insistence to this Court that it lacked insurance calls into question the credibility of Culguam's current assertions regarding its insured status. Moreover, the Court notes the information provided about Allianz's financial health appeared to be printouts submitted by counsel, and not by Culguam or Allianz's representatives, let alone verified or sworn under oath in any fashion. In fact, the Court has reviewed prior post-judgment filings by Culguam and sees no verified information supporting its insured status, the level of insurance, or the financial health of itself and its insurer. To that end, Culguam has not provided credible evidence to support its picture of a simple and easy collection process.

Accordingly, in contrast to unverified statements regarding a questionable insurance level, a full bond assures that the Judgment will be paid if affirmed upon appeal and that, indeed, there will be no issue on a payout upon the conclusion of the case.

## III.    <u>CONCLUSION AND ORDER</u>

The Court finds that Arceo is entitled to a writ of execution to enforce the judgment entered against Culguam, or, in the alternative, Culguam may post a supersedeas bond pursuant to Rule 62(d). The Court GRANTS Arceo's motion and will issue a writ of execution in 30 days



if Culguam does not post a supersedeas bond in the amount of $2,571,170.00. If no bond is

posted, Arceo may submit a proposed writ of execution.


**SO ORDERED, 25 March 2025.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL